# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10205 | **DATE** | 2-11-2013 |
| **CASE TITLE** | Torey Winters (#2012-0310153) v. Officer Sifuentes, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [7] is granted. The court authorizes and orders the trust fund officer at the Cook County Jail to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk is requested to send a copy of this order to Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is requested to issue summons for Defendant Sifuentes, and the United States Marshals Service is appointed to serve him. The Clerk shall send Plaintiff Instructions for Submitting Documents, a Magistrate Judge Consent Form, and a copy of this order.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

     Plaintiff Torey Winters, presently in custody of the Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on March 8, 2012, Defendant Sifuentes, a City of Chicago police officer, together with Sifuentes's partner and District 15 back-up units, subjected him to excessive force when arresting him; Plaintiff allegedly sustained two swollen eyes, injury to his face necessitating stitches by his right eye, and sixteen staples to in his head.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $19.83. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance due in the event Plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Accepting Plaintiff's factual allegations as true, the complaint states a colorable cause of action under to Defendant Sifuentes for excessive force. *See Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). While a more fully developed record may undermine Plaintiff's allegations, Sifuentes must respond to the complaint.

**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

Plaintiff has also named Sifuentes's partner and assisting units as defendants, but has not identified them by name. Once Plaintiff has obtained service on Sifuentes, and an attorney has entered an appearance on his behalf, Plaintiff may send defense counsel interrogatories eliciting information regarding the full names of the unnamed Defendants. *See* Fed. R. Civ. P. 33. After Plaintiff learns the other officers' names, he may ask leave to amend the complaint to add t hem as defendants. Summonses will then issue for service on the other officers. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the other officers as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980)

    The Clerk shall issue summonses for service of the complaint on Sifuentes. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Sifuentes. The Marshals Service shall send Plaintiff any service forms he must complete. The Marshals Service is directed to make all reasonable efforts to serve Sifuentes. If Sifuentes can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshals Service with his last-known address. The information shall be used only for purposes of effectuating service and any documentation of the address shall be retained only by the Marshals Service. Address information shall not be maintained in the Court file or disclosed by the Marshals Service. The Marshals Service is authorized to mail a request for waiver of service to Sifuentes in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants (or to defense counsel once counsel appears). Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded.